FLAUM, Circuit Judge,
joined by RIPPLE, Circuit Judge, concurring.
I join Parts I and II of the majority opinion and agree that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), does not preclude Professor Hively’s claim that Ivy Tech Community College engaged in unlawful employment discrimination. I find the issue before us is simply whether discriminating against an employee for being homosexual violates Title VII’s prohibition against discriminating against that employee because of their sex. In my view, the answer is yes, and the statute’s text commands as much.
Kimberly Hively, who is openly lesbian, taught as a part-time, adjunct professor at Ivy Tech Community College. Over the course of her tenure, Professor Hively applied for fulltime positions with the College, and it rejected each of her applications. After the College did not renew her contract, Professor Hively filed a pro se charge with the Equal Employment Opportunity Commission, alleging that Ivy Tech’s refusal to promote her constituted discrimination “based on [her] sexual orientation.” Ivy Tech denied having engaged in any discrimination and moved to dismiss Professor Hively’s complaint for failing to state a claim on which relief could be granted. Throughout the course of this litigation, I understand the controlling question to have been the same: Does discrimination based on Professor Hively’s “sexual orientation” constitute discrimination based on her “sex”? Under Title VII’s text, it does.
Title VII provides:
It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of *358 employment, because of such individual’s ... sex[.]
42 U.S.C. § 2000e-2(a)(l). To prove her case, an employee “must show that the employer actually relied on her gender[1] in making its decision.” Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).
Assuming the facts as pled are true, as we must at this stage of the litigation, Ivy Tech refused to promote Professor Hively because she is homosexual. Professor Hively argues that, in doing so, the College relied on her sex, because, but for her sex, she would not have been denied a promotion (i.e., she would not have been denied a promotion if she were a man who was sexually attracted to women). She also argues that Ivy Tech’s actions constituted associational discrimination: The College took issue with Professor Hively’s intimate association with women and refused to promote her. There is no allegation, however, that the College refused to promote women; nor is there an allegation that it refused to promote those who associate with women. Rather, Ivy Tech’s alleged animus was against Professor Hively’s sexual orientation — a combination of these two factors — which the College argues is not a trait enumerated in Title VII.
Setting aside the treatment in the majority and dissenting opinions of sexual orientation as a freestanding concept, I conclude discrimination against an employee on the basis of their homosexuality is necessarily, in part, discrimination based on their sex. Fundamental to the definition of homosexuality is the sexual attraction to individuals of the “same sex.” Homosexual, Merriam-Webster Dictionary Online, available at https://www.merriam-webster. com/dictionary/homosexual (“[0]f, relating to, or characterized by a tendency to direct sexual desire toward another of the same sex”) (emphasis added) (last visited April 4, 2017); see also Homosexual, Black’s Law Dictionary (10th ed. 2014) (“Of relating to, or characterized by sexual desire for a person of the same sex.”) (emphasis added); Homosexual, Oxford English Dictionary (5th ed. 1964) (“Having a sexual propensity for persons of one’s own sex”) (emphasis added). One cannot consider a person’s homosexuality without also accounting for their sex: doing so would render “same” and “own” meaningless. As such, discriminating against that employee because they are homosexual constitutes discriminating against an employee because of (A) the employee’s sex, and (B) their sexual attraction to individuals of the same sex. And “sex,” under Title VII, is an enumerated trait.
This raises the question: Does Title VII’s text require a plaintiff to show that an employer discriminated against them solely “because of’ an enumerated trait? Again, I turn to the text, which clearly states:
Except as otherwise provided in this subehapter, an unlawful employment practice is established when the complaining party demonstrates that ... sex ... was a motivating factor for any employment practice, even though other factors also motivated the practice.
42 U.S.C. § 2000e-2(m) (emphasis added). Congress added this amendment to Title VII partially in response to the Supreme Court’s plurality decision in Hopkins, in which the Court stated:
[S]ince we know that the words “because of’ do not mean “solely because of,” we also know that Title VII meant to condemn even those decisions based on a mixture of legitimate and illegiti *359 mate considerations. When, therefore, an employer considers both gender and legitimate factors at the time of making a decision, that decision was “because of’ sex and the other, legitimate considerations .... We need not leave our common sense at the doorstep when we interpret a statute. It is difficult for us to imagine that, in the simple words “because of,” Congress meant to obligate a plaintiff to identify the precise causal role played by legitimate and illegitimate motivations in the employment decision she challenges. We conclude, instead, that Congress meant to obligate her to prove that the employer relied upon sex-based considerations in coming to its decision.
490 U.S. at 241-242, 109 S.Ct. 1775 (footnote omitted). The Court made clear that “[t]he critical inquiry ... is whether gender was a factor in the employment decision” when it was made. Id. at 241, 109 S.Ct. 1775 (emphasis added). So if discriminating against an employee because she is homosexual is equivalent to discriminating against her because she is (A) a woman who is (B) sexually attracted to women, then it is motivated, in part, by an enumerated trait: the employee’s sex. That is all an employee must show to successfully allege a Title VII claim.[2]
Cases analyzing employment actions based on interracial relationships provide an apt illustration. Although this Circuit has not yet addressed whether claims based on a theory of associational discrimination are cognizable under Title VII, I agree with the majority that the Second Circuit’s analysis in Holcomb v. Iona College, 521 F.3d 130 (2d Cir. 2008), is persuasive. There, the court concluded that the college had violated Title VII after firing a white basketball coach because of his marriage to a black woman. The court ex-plainéd, “[W]here an employee is subjected to adverse action because an employer disapproves of interracial association, the employee suffers discrimination because of the employee’s own race.” Id. at 139. This comports with Title VII’s text. Interracial relationships are comprised of (A) an individual of one race, and (B) another individual of a different race. Without considering the first individual’s race, the word “different” is meaningless. Consequently, employment discrimination based on an employee’s interracial relationship is, in part, tied to an enumerated trait: the employee’s race. This type of discrimination is prohibited by Title VII.
The same principle applies here. Ivy Tech allegedly refused to promote Professor Hively because she was homosexual— or (A) a woman who is (B) sexually attracted to women. Thus, the College allegedly discriminated against Professor Hively, at least in part, because of her sex. I conclude that Title VII, as its text provides, does not allow this.

. As the majority notes, the Supreme Court has often treated "gender” and "sex” as synonymous. I agree that there is no need to inquire whether they are the same for legal purposes in this case.

. The foregoing analysis should obtain even if an employer allegedly discriminates against all homosexual employees. In that case, the employer’s discrimination across sexes does not demonstrate that sex is irrelevant, but rather that each individual has a plausible sex-based discrimination claim. See City of Los Angeles, Dep’t of Water and Power v. Manhart, 435 U.S. 702, 708, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978) ("[Title VII] makes it unlawful 'to discriminate against any individual ..: because of such individual’s ... sex[.]' The statute’s focus on the individual is unambiguous.” (quoting 42 U.S.C. § 2000e-2(a)(1))). When confronting claims that are inherently based in part on sex, such as discrimination against homosexuals, each employee's claim satisfies Title VII on its face, no matter the sex of any other employee who experienced discrimination.